# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY L. COONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-635-CVE-TLW |
| | ) |
| TULSA COUNTY BOARD OF COUNTY | ) |
| COMMISSIONERS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court are defendant's Motion to Dismiss and Brief in Support (Dkt. # 6) and defendant's Motion to Stay Proceedings Pending Ruling on Defendant's Motion to Dismiss and Brief in Support (Dkt. # 7). Defendant Tulsa County Board of County of Commissioners (BOCC) argues that plaintiff has failed to state a claim upon which relief can be granted and his claims are barred by the statute of limitations. Dkt. # 6, at 3-5. Plaintiff has not responded to the BOCC's motion to dismiss.

Plaintiff Tracy L. Coons claims that he was a party in a divorce proceeding in Tulsa County District Court, Oklahoma, and that the state court violated his rights under the Americans with Disabilities Act, 42 U.S.C. § 12132 (ADA). He claims that he suffers from depression, bipolar disorder, and attention deficit disorder, and these conditions qualify as disabilities under the ADA. Dkt. # 1, at 2. However, he makes conflicting claims about the alleged disability discrimination. Coons initially alleges that he hired two separate attorneys to represent him. Id. at 3. He then claims that he had no obligation to appear in court due to his disabilities, and the state court discriminated against him by denying him the right to appear through an attorney. Id. at 3-4. He seeks monetary

damages or substitute real property to compensate him for any property that was awarded to his former wife as a result of the divorce proceedings. Id. at 5. Coons has attached a copy of the divorce decree to his complaint, and his divorce became final on May 14, 2004. Id. at 7-11.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Even though plaintiff has not responded to defendant's motion to dismiss, the Court declines to treat the motion as confessed and finds that it should be granted on its merits. To state an ADA claim against a public entity such as the BOCC, a plaintiff must allege that "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." Robertson v. Las Animas County Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007). Plaintiff makes conflicting allegations about the alleged discriminatory conduct. He initially alleges that he was represent by two attorneys, but then he claims the state court discriminated against him by denying him the right to appear through counsel. Assuming that plaintiff qualifies as an individual with a disability, plaintiff's complaint does not put defendant on notice of the alleged discriminatory conduct or allege any facts giving rise to an inference that plaintiff was treated differently because of a disability. Plaintiff has failed to state an ADA claim against the BOCC, and the Court will consider whether plaintiff should be permitted to file an amended complaint.

The Court finds that it would be futile to allow plaintiff to file an amended complaint. The ADA does not provide a statute of limitations for claims against a public entity, and the Tenth Circuit has determined that the applicable statute for an ADA claim filed by an Oklahoma plaintiff is the two year statute of limitations provided by OKLA. STAT. tit. 12, § 95(3). Alexander v. Oklahoma, 382 F.3d 1206, 1212 n.1 (10th Cir. 2004). Plaintiff's divorce became final on May 14,

2004, and his statute of limitations to file an ADA claim expired on May 14, 2006. Plaintiff claims that the statute of limitations should be equitably tolled, because he occasionally suffered from severe depression after the divorce proceedings. Dkt. # 1, at 4. To determine if equitable tolling applies, the Court must refer to Oklahoma law concerning tolling of the statute of limitations. Alexander, 382 F.3d at 1217. Plaintiff argues that he suffered from a disability and this is a sufficient basis to toll the statute of limitations. Dkt. # 1, at 4. Under Oklahoma law, tolling is permitted only if the plaintiff suffered from a "legal disability" or was not competent to pursue his claims. Lovelace v. Keohane, 831 P.2d 624, 627 (Okla. 1992). Plaintiff states that he worked full time after his divorce, even while suffering from depression. Dkt. # 1, at 4. "No matter how the psychological term or description is couched, plaintiff is not under a legal disability if able to conduct [his] business affairs for a number of years." Lovelace, 831 P.2d at 627. Based on plaintiff's allegations, he was able to work and manage his affairs and he was not legally disabled as a matter of Oklahoma law. Thus, plaintiff's ADA claim against the BOCC is barred by the statute of limitations and filing an amended complaint would not cure this defect.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss and Brief in Support (Dkt. # 6) is **granted**, and plaintiff's claims are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's Motion to Stay Proceedings Pending Ruling on Defendant's Motion to Dismiss and Brief in Support (Dkt. # 7) is **moot**.

**DATED** this 15th day of December, 2011.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4